FILED 5 JUL '12 16:23 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SOLAR NATION, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SOLAR JONES, INC., a Nevada corporation; JONATHAN KERSEY, a Nevada resident; JEREMY TROUSDALE, a California resident; RON KIRKPATRICK, an Oklahoma resident; and RICHARD HILBURN, a Montana resident,<br><br>    Defendants. | 3:12-CV-01199-BR<br><br>**TEMPORARY RESTRAINING ORDER** |

**DAYNA E. UNDERHILL**
Hinshaw & Culbertson, LLP
1000 S.W. Broadway
Suite 1250
Portland, OR 97205-3078
503-243-3243

    Attorneys for Plaintiff

1 - TEMPORARY RESTRAINING ORDER

**BROWN, Judge.**

Th Ex Parte Application and Motion for Temporary Restraining Order (#2) of Plaintiff, Solar Nation, Inc. ("SN"), together with its supporting Declarations (#3, #4, #5), Memorandum (#6), and other papers came before the Court for *ex parte* consideration on July 5, 2012, at 3:00 p.m.  Plaintiff appeared through counsel Dayna E. Underhill; Defendants did not appear and Plaintiff did not provide Defendants with advance notice of this Motion.

Pursuant to Fed. R. Civ. P. 65(b)(1) and (2) and based on the record, including the Certification of Plaintiff's counsel and her representations to the Court during the hearing on this Motion, the Court finds:

1.  There is a present risk of immediate and irreparable injury, loss, or damage to Plaintiff (*i.e.*, before Defendants may be heard in opposition to this Motion) because Defendants have sole possession of electronic data and information (*i.e.*, the "Protected Information" described in Plaintiff's pleadings) and Defendants are excluding Plaintiff from accessing and protecting that which is Plaintiff's exclusive property;

2.  Plaintiff should not be required to give Defendants notice and an opportunity to be heard before this Temporary Restraining Order issues because, on information and belief, Plaintiff's counsel asserts Defendants may be taking action within the next 24 hours that may damage the integrity of the

Protected Information and there is insufficient time to provide Defendants notice of the hearing and opportunity to be heard before the risk of that injury, loss or damage materializes;

3. Although the record reflects Defendants Kersey and Trousdale waived as part of their agreements with Plaintiff the right to require security for any temporary restraining order, the Court nevertheless concludes security should be required for the benefit of all Defendants in this matter to address the risks identified in Fed. R. Civ. P. 65(c). Under the circumstances and based on the argument of Plaintiff's counsel at the hearing, the Court concludes security in the total amount of $5,000.00 is required and Plaintiff shall post security in that sum as soon as practicable;

4. There is substantial likelihood that Plaintiff will succeed on the merits of its claims against Defendants under the Oregon Trade Secrets Act and for conversion and trespass to chattels;

5. Absent the issuance of a temporary restraining order, Plaintiff is likely to suffer immediate and irreparable injury, and such injury substantially outweighs any injury to Defendants that may result from granting this motion; and

6. This Order serves, and is not contrary to, the public interest.

Accordingly, the Court **GRANTS** Plaintiff's Motion for

3 - TEMPORARY RESTRAINING ORDER

Temporary Restraining Order as follows:

Defendants individually and all of their affiliates, officers, directors, shareholders, employees, whether acting directly or indirectly, or in concert or active participation with Defendants, are and shall be:

1. TEMPORARILY RESTRAINED and ENJOINED from indirectly or directly altering, destroying, deleting, overwriting, defacing, hiding, or otherwise changing any Protected Information in their possession or control;

2. TEMPORARILY RESTRAINED and ENJOINED from directly or indirectly altering, destroying, erasing, deleting, overwriting, or otherwise changing each and every Computer Devices and Email Systems which contains Protected Information;

3. TEMPORARILY REQUIRED to take all reasonable means to preserve the Computer Devices and Email Systems containing Protected Information, including without limitation emails, attachments, electronic documents, current and archived electronic logs, metadata, and directories; and

4. TEMPORARILY RESTRAINED and ENJOINED from directly or indirectly accessing, using, disclosing or making available to any person or entity (including any person employed in any capacity by Defendant Solar Jones, Inc.) any Protected Information until a Motion for Preliminary Injunction is heard and decided upon by this Court;

4 - TEMPORARY RESTRAINING ORDER

    5.    REQUIRED to turn over the following Specified Devices to Plaintiffs qualified computer forensic examiner ("Examiner"):

- Laptops used by Defendants in the course and scope of their employment with Solar Nation;
- a D-Link or other similar external, portable hard drive upon which Defendant Trousdale caused or directed to be placed SN Protected Information on or about January 2012;
- Cellular telephones, including smart phones, used by Defendants in the course and scope of their employment with SN, including such devices as were used to access SN email;
- two hard drives left in the SN office of Defendant Kersey at the end of his employment in February 2012.

The Examiner is to create a standard "archive image" (copy) of the Specified Devices for preservation and forensic examination. The turnover shall no later than three (3) calendar days from the date of service of this Order. Examiner shall document the archiving process, with the documentation therefrom (but not the image) to be provided for evidentiary purposes to both Defendants and Plaintiff. A copy of the archive image shall be provided to Plaintiff only. Examiner shall maintain custody of the archive image and related documentation and produce it for inspection to either party at Examiner's place of business upon reasonable notice and agreement by all Parties, or as the Court may order. Upon completion of the imaging and examination, the Specified

5 - TEMPORARY RESTRAINING ORDER

Devices shall be returned to the Defendants, which Specified Devices shall remain subject to the restrictions set forth in this Order. Examiner will dispose of the archive image as may be later mutually agreed upon by the Parties or by Court Order;

    6.   REQUIRED to conduct a reasonable search of all email or other electronic messaging accounts in their possession or control which may contain, or contained, Protected Information and state in writing that a reasonable search was conducted and for each account searched state the:  a) email address; b) account holder name; c) account holder; d) whether the account contains or contained Protected Information. Defendants shall provide the written statement to Plaintiff within three (3) calendar days of service of this Order.

    For purposes of this Temporary Restraining Order, "Protected Information" is defined as any information regarding the following:

> SN's past and present sales activity and data; potential leads on new customers, sales and products; current customer and sales contact information; product pricing data; order data; discussions and/or negotiations with past, present and potential customers; past, existing and future project information; and proprietary product design information.

> "Protected Information" also includes the following SN and PK Solar. Inc. information:

> (i)  information, formulae, compilations, software programs (including object codes and source codes), devices, methods, techniques, drawings, plans, experimental and research work, inventions, patterns,

processes and know-how, whether or not patentable, and whether or not at a commercial stage related to SN and PK Solar, Inc.'s business or any subsidiary thereof;

(ii) the names, buying habits or practices of SN's and PK Solar's customers;

(iii) SN's and PK Solar's marketing methods and related data;

(iv) the names of SN's and PK Solar's vendors and suppliers;

(v)  SN's and PK Solar's costs of materials;

(vi) the prices SN or PK Solar obtains or has obtained or at which SN's and PK Solar's sells (sic) or has sold its products or services;

(vii) lists or other written records used in SN's or PK Solar's Business;

(viii) compensation paid to employees and other terms of employment; and

(ix)  any other confidential information of, about or concerning the SN's or PK Solar's Business, its manner of operation, or other confidential data of any kind, nature, or description.

For purposes of this Temporary Restraining Order, "Computer Devices or Email Systems" is defined as follows:

All computers and computer media in the Defendants' possession, custody, or control which were used by Defendants during the course and scope of their employment with plaintiff Solar Nation, Inc., including external hard drives and other similar data storage devices, USB devices; laptops, ipads and cell phones; all similar devices to those specifically stated; This definition also applies to Defendants' Computers and Devices to which the defined information was transferred.

Email Systems means all email accounts to which any Protected Information was transferred or stored at any time.

7 - TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED:

Plaintiff shall post security in the amount of $5,000.00 as soon as practicable; and

This Order shall expire of its own terms at the conclusion of a hearing on the 19th day of July, 2012 8:30 a.m. before the undersigned judicial officer, unless further extended by Order of this Court.

IT IS SO ORDERED this 5th day of July, 2010, at 4:00 p.m.

_____
ANNA J. BROWN
United States District Judge

8 - TEMPORARY RESTRAINING ORDER