IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SOLAR NATION, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SOLAR JONES, INC., a Nevada corporation; JONATHAN KERSEY, a Nevada resident; JEREMY TROUSDALE, a California resident; RON KIRKPATRICK, an Oklahoma resident; and RICHARD HILBURN, a Montana resident,<br><br>　　　　Defendants. | 3:12-CV-01199-BR<br><br>MODIFIED TEMPORARY RESTRAINING ORDER |

**DAYNA E. UNDERHILL**
Hinshaw & Culbertson, LLP
1000 S.W. Broadway
Suite 1250
Portland, OR 97205-3078
503-243-3243

　　　　Attorneys for Plaintiff

**TIMOTHY DALY SMITH**
Cable Huston Benedict Haagensen & Lloyd, LLP
1001 S.W. 5th Avenue, Suite 2000
Portland, OR 97204
(503) 224-3092

　　　　Attorneys for Defendants

1  -  MODIFIED TEMPORARY RESTRAINING ORDER

**BROWN, Judge.**

This matter, having initially come before the Court on July 5, 2012, on the *Ex Parte* Application and Motion (#2) for Temporary Restraining Order by Plaintiff Solar Nation, Inc. (SN), and all Defendants now having appeared through counsel Timothy Smith during the proceedings on the record on July 10, 2012, and July 12, 2012, the Court hereby **VACATES** the Temporary Restraining Order (#9) entered by the Court on July 5, 2012, and **ENTERS** this Modified Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b)(1) and (2) for the reasons that follow.

The Court notes Defendants' counsel represented they have authority to accept service on behalf of their clients. The Court, therefore, concludes that electronic notice of this Modified Temporary Restraining Order to Defendants' counsel is sufficient notice to all Defendants and assumes counsel will take all necessary and immediate steps to inform Defendants of this Order.

The Court also notes Defendants have now produced to Plaintiff's computer forensic examiner certain devices described in the original Temporary Restraining Order. The Court, however, reaffirms its initial finding that until the rights of the parties to the disputed property are resolved, Plaintiff faces an

ongoing risk of immediate and irreparable harm from any
retention, use, or dissemination of Plaintiff's property in any
form by any Defendant.  Finally, the Court notes Plaintiff has
paid security in the amount of $5,000 as a condition of the
original TRO.  Absent any showing to the contrary, the Court now
finds that security is also sufficient to protect Defendants
during the term of this Modified TRO.  On this record, therefore,
the Court concludes the ongoing risk of injury to Plaintiff
substantially outweighs any potential harm to Defendants that may
result from entering this Modified Temporary Restraining Order.
The Court also continues to find this restraining order to be in
the public interest.

Accordingly, the Court enters the following Modified
Temporary Restraining Order:

Defendants individually and all of their affiliates,
officers, directors, shareholders, employees, whether acting
directly or indirectly or in concert or active participation with
Defendants, are and shall be:

1.   TEMPORARILY RESTRAINED and ENJOINED from directly or
indirectly accessing, using, disclosing, transferring, or making
available to any person or entity (including any person employed
by, doing business with, or contracted in any capacity by or with
defendant Solar Jones) any Protected Information in their
possession, custody, or control, including information that may

have been transferred from other Computer Devices or Email Systems except only to the extent necessary to prepare their defense and to respond to discovery requests in this matter; and

2.    TEMPORARILY RESTRAINED and ENJOINED from indirectly or directly altering, destroying, deleting, overwriting, defacing, hiding, or otherwise changing any Protected Information in their possession, custody, or control, including information that may have been transferred from other Computer Devices or Email Systems.

For purposes of this Temporary Restraining Order, "Protected Information" is defined as any information regarding the following:

> SN's past and present sales activity and data; potential leads on new customers, sales and products; current customer and sales contact information; product pricing data; order data; discussions and/or negotiations with past, present and potential customers; past, existing and future project information; and proprietary product design information.
>
> "Protected Information" also includes the following SN and PK Solar, Inc. information:
>
> (i)  information, formulae, compilations, software programs (including object codes and source codes), devices, methods, techniques, drawings, plans, experimental and research work, inventions, patterns, processes and know-how, whether or not patentable, and whether or not at a commercial stage related to SN and PK Solar, Inc.'s business or any subsidiary thereof;
>
> (ii) the names, buying habits or practices of SN's and PK Solar's customers;
>
> (iii) SN's and PK Solar's marketing methods and related

4  -  MODIFIED TEMPORARY RESTRAINING ORDER

data;

(iv) the names of SN's and PK Solar's vendors and suppliers;

(v)  SN's and PK Solar's costs of materials;

(vi) the prices SN or PK Solar obtains or has obtained or at which SN's and PK Solar's sells (sic) or has sold its products or services;

(vii) lists or other written records used in SN's or PK Solar's Business;

(viii) compensation paid to employees and other terms of employment; and

(ix)  any other confidential information of, about or concerning the SN's or PK Solar's Business, its manner of operation, or other confidential data of any kind, nature, or description.

For purposes of this Temporary Restraining Order, "Computer Devices or Email Systems" is defined as follows:

All computers and computer media in the Defendants' possession, custody, or control which were used by Defendants during the course and scope of their employment with plaintiff Solar Nation, Inc., including external hard drives and other similar data storage devices, USB devices; laptops, ipads and cell phones; all similar devices to those specifically stated; This definition also applies to Defendants' Computers and Devices to which the defined information was transferred.

Email Systems means all email accounts to which any Protected Information was transferred or stored at any time.

The Court remains willing to consider modifications to this Order based on the agreement of the parties or on a proper showing by one of the parties that these terms are either insufficient, onerous, or unnecessary.  The Court is prepared to

5  -  MODIFIED TEMPORARY RESTRAINING ORDER

supervise an expedited discovery process between the parties to ensure the Court can quickly resolve the question whether Defendants have any right to retain or to use any disputed Protected Information.

This Order shall remain in effect until further order of the Court.

A status hearing remains set for July 19, 2012, at 8:30 a.m. The joint status report remains due to the Court on July 18, 2012, by 5:00 p.m.

IT IS SO ORDERED this 13th day of July, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6  -  MODIFIED TEMPORARY RESTRAINING ORDER